UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDELL EDWARDS,

                        Petitioner,                    Case No. 2:21-cv-10769
                                                       Hon. Paul D. Borman

v.

NOAH NAGY,

                        Respondent.
_____/

**OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION TO
DISMISS PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING
CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO
APPEAL IN FORMA PAUPERIS**

This is a habeas case brought by a Michigan prisoner under 28 U.S.C. § 2254.

Wendell Edwards, ("Petitioner"), was convicted after he pled guilty in the St. Clair

Circuit Court to delivery or manufacture of 50 to 449 grams of a controlled

substance, MICH. COMP. LAWS § 333.7401(2)(a)(iii); maintaining a drug house,

MICH. COMP. LAWS § 333.7405(1)(d); and possession of a taser, MICH. COMP. LAWS

§ 750.224a. Petitioner was sentenced to three concurrent prison terms, the longest of

which is 7 to 40 years for the delivery conviction.

The petition raises three claims: (1) Petitioner was denied his right to an

impartial judge, (2) the trial court lacked jurisdiction over Petitioner's criminal case,

and (3) Petitioner was denied the effective assistance of trial and appellate counsel.

Respondent filed a motion to dismiss the petition because it was filed after expiration of the one-year statute of limitations. 28 U.S.C. § 2244(d). Petitioner filed a response in which he does not contest Respondent's calculations. Instead, Petitioner claims that the statute of limitations does not apply to his jurisdictional claims, and his untimeliness should be excused because he was unaware of the deadline.

The Court will dismiss the petition for Petitioner's failure to comply with the statute of limitations. The Court will also deny Petitioner a certificate of appealability and deny permission to appeal in forma pauperis.

## I. Background

On August 31, 2015, Petitioner was sentenced as indicated above in the St. Clare Circuit Court. Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising a single claim challenging the length of his sentence. On May 2, 2016, the Michigan Court of Appeals denied leave to appeal by form order. *People v. Edwards*, No. 331861 (Mich. Ct. App. May 2, 2016). Petitioner did not file an application for leave to appeal in the Michigan Supreme Court.

Over two years later, on October 31, 2018, Petitioner returned to the trial court and filed a motion for relief from judgment, raising seven claims, including the three claims that he presents in his federal habeas petition. The trial court denied the motion in an order dated February 20, 2019. (ECF No. 8-6, PageID.327-28.) The

Michigan Court of Appeals subsequently denied Petitioner's application for leave to appeal by form order. *People v. Edwards*, No. 348744 (Mich. Ct. App. Aug. 14, 2019). On March 27, 2020, the Michigan Supreme Court likewise denied leave to appeal. *People v. Edwards*, No. 160168 (Mich. Sup. Ct. Mar. 27, 2020).

After waiting nearly another year, Petitioner signed his federal habeas petition and placed it in the prison mail system on March 23, 2021.

## II. Standard of Review

Though Respondent styles his motion as a motion to dismiss, it is properly construed as one for summary judgment because the motion and the record before the Court includes documents outside of the pleadings. *See Anderson v. Place*, No. 16-12675, 2017 WL 1549763, at *6 (E.D. Mich. May 1, 2017). Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court will construe all facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There are no genuine issues of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Id*. If the movant carries its burden of showing an absence of evidence to support a claim, then the non-movant must demonstrate that a genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). This standard of review may

3

be applied to habeas proceedings. *See Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

### III. Discussion

There is a one-year statute of limitation for habeas petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). Under section 2244(d)(1)(A), the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The limitation period is tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending." § 2244(d)(2).

Here, Petitioner's conviction became final for purposes of the statute of limitations on June 27, 2016—56 days after the Michigan Court of Appeals denied his application for leave to appeal on direct review. *See Gonzalez v. Thaler*, 565 U.S. 134, 152-53 (2012) (holding that where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time for seeking that review expires); 28 U.S.C. § 2244(d)(1). The limitations period expired one-year later, on June 27, 2017.

The one-year statute of limitations is tolled "during the pendency of 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.'" *Wall v. Kholi*, 562 U.S. 545, 550-51 (2011) (quoting 28 U.S.C. § 2244(d)(2)). Petitioner's motion for relief from

judgment filed in the trial court, however, did not toll the limitations period because it was filed on October 31, 2018, long after the limitations period had already expired. *See DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006) (stating that a properly filed post-conviction motion tolls the limitations period, but it does not "restart" a limitations period that has already run). The statute of limitations was therefore not tolled under § 2244(d)(2).

Accordingly, over four years elapsed on the limitations period from the time Petitioner's conviction became final on June 27, 2016, until the date he signed his petition on March 23, 2021. The petition was therefore untimely filed.

Petitioner's response to Respondent's motion does not contest these calculations. Instead, Petitioner asserts that: (1) because the state court did not have jurisdiction over his criminal case his conviction is a "nullity" to which the statute of limitations is no defense, and (2) he was unaware of the various filing deadlines in the state and federal courts. (*See* Petitioner's Affidavit; ECF No. 9, PageID.425-26.) Neither argument provides a basis for overcoming the statute of limitations.

There is no authority standing for the proposition that claims attacking the jurisdiction of the trial court are exempt from the limitations provision of section 2244(d). On the contrary, "prisoners seeking relief in federal court under section 2254 must bring their claim within the statute of limitations provided by section 2244(d)." *Briscoe v. Eppinger*, No. 18-3041, 2018 WL 3390141, at *2 (6th Cir. May

31, 2018). "There is no exception under the AEDPA for subject matter jurisdiction claims." *Id.* (citation omitted).

Nor does Petitioner's personal ignorance of the deadlines for filing for direct review in the Michigan Supreme Court or for filing his federal habeas petition provide a basis for excusing his failure to comply with the statute of limitations. Federal courts may equitably toll the limitations period only where exceptional circumstances are present. *Holland v. Florida*, 560 U.S. 631, 651-52 (2010). Petitioner's pro se status and his personal ignorance of filing deadlines is not an extraordinary circumstance entitling him to equitable tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (pro se status is not an extraordinary circumstance); *Allen v. Yukins*, 366 F.3d 396, 403-04 (6th Cir. 2004) (neither ignorance of the law nor reliance on unreasonable or incorrect advice justify tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) ("The law is replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse for failure to follow established legal requirements."). Petitioner fails to demonstrate that he is entitled to equitable tolling.

Accordingly, Petitioner failed to comply with the statute of limitations, and he has failed to demonstrate entitlement to equitable tolling. The motion to dismiss will therefore be granted.

Finally, jurists of reason would not debate the Court's conclusion that the petition is subject to dismissal under the statute of limitations. Petitioner is therefore not entitled to a certificate of appealability. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). The Court also finds that an appeal from this decision cannot be taken in good faith. Fed. R. App. P. 24(a). Therefore, permission to appeal in forma pauperis will likewise be denied.

### V. Order

For these reasons, the Court 1) **DISMISSES** the petition for a writ of habeas corpus, 2) **DENIES** a certificate of appealability, and 3) **DENIES** permission to appeal in forma pauperis.

**IT IS SO ORDERED.**

s/Paul D. Borman
Hon. Paul D. Borman
United States District Judge

Dated:  November 29, 2021